VIDAL, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property in the Matter of the Record of a Deed of Partition.

No. 580.—Decided March 6, 1924.

RECORD OF TITLE—USUFRUCT—COMMUNITY PROPERTY.—It appearing from the deed of partition that the widow alienated her ganancial right together with her usufructuary share, a decision whereby the registrar recorded a certain joint interest in a property allotted in the partition "without prejudice" to the interest of the minors in the usufructuary share granted by their mother, should be reversed.

The facts are stated in the opinion.
*Mr. A. Fiol Negrón* for the appellant.
The respondent did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Mercedes Gordís y Lugo, widow of Gervasio Gómez y García, assigned to Isabel Lugo y Lugo all of the rights and interests that she had or might have, either as ganancial property or as her usufructuary share, in the estate left by her said deceased husband.

In the partition and division of the said estate the as-

signee was represented and by agreement of all persons interested she was allotted a capital of $200 in cash in payment of the usufructuary right assigned to her. In the same document Pedro Clausells y Armstrong was allotted a condominium in a certain rural property called El Retiro as assignee of other heirs and for the payment of debts. The said condominium was then transferred to the appellant, who presented in the registry the deed of partition, whereupon the registrar recorded the said condominium with the following reservation: ''Without prejudice to the rights of the minors Carlos Manuel and Manuel Baudillo Gómez y Gordís in the usufructuary share assigned by their mother, Mercedes Gordís y Lugo, to Sabad Lugo y Lugo.''

Not agreeing with the reservation made by the registrar in his decision, the appellant has taken the present appeal and prays that the record be ordered without any reservation or defect.

The registrar does not cite in his decision the statute or rule on which it could be based, and filed no brief on appeal. At any rate the decision of the registrar presents no question for review. Section 12 of the Act to amend and repeal certain sections of the Civil Code, approved March 9, 1905, authorizes payment to the surviving spouse of his part of the usufruct in cash; and besides, the right involved is one that can be alienated.

For these reasons the registrar's decision must be reversed and the record ordered without the reservation therein mentioned.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.